# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ANTHONY P. TUFARO, D.D.S., M.D., F.A.C.S.<br><br>      Plaintiff,<br>v.<br><br>(1) STATE OF OKLAHOMA, *ex rel.,* BOARD REGENTS OF THE UNIVERSITY OF OKLAHOMA,<br><br>(2) JASON R. SANDERS, M.D., MBA, in his individual capacity and his official capacity as the Senior Vice President and Provost,<br><br>(3) JOHN P. ZUBIALDE, M.D., in his individual capacity and his official capacity as the Executive Dean of the College of Medicine,<br><br>(4) STEVEN M. SULLIVAN, D.D.S., F.A.C.S., F.A.C.D., in his individual capacity and his official capacity as Chair of the Department of Surgical Sciences,<br><br>(5) KEVIN S. SMITH, D.D.S., in his individual capacity only,<br><br>(6) PAUL S. TIWANA, D.D.S., in his individual capacity only, and<br><br>(7) BARISH H. EDIL, M.D., FACS., in his individual capacity and his official capacity as the Chair of the Department of Surgery.<br><br>      Defendants. | Case No.: CIV-20-1138-J |

**UNIVERSITY'S MOTION TO DISMISS**

Defendant, the State of Oklahoma *ex rel.* the Board of Regents of the University of Oklahoma ("University") respectfully requests the Court dismiss all of Plaintiff's claims against it, which include: (1) Plaintiff's claims pursuant to 42 U.S.C. §1983 (Counts I, III, and VII), (2) Plaintiff's claim for breach of contract (Count II), and (3) Plaintiff's *Burk* tort claim (Count VI). In support, the University states as follows:

## INTRODUCTION

Plaintiff was employed by the University within its College of Medicine as a consecutive term faculty member for two years, beginning when he signed a contract on September 15, 2017. According to the Health Sciences Center Faculty Handbook cited in Plaintiff's Complaint[1], an individual with a consecutive term appointment can be terminated effective at any time and for any lawful reason, provided that the individual be given 180 days' notice if the non-renewal or termination is during the second year of employment. As alleged by Plaintiff, this notice was timely provided. Following notice of non-renewal, Plaintiff now alleges a plethora of claims against the University, all of which should be dismissed.

In his Complaint, Plaintiff makes several claims against the University pursuant to 42 U.S.C. §1983. The University is not a "person" as that term is utilized within the statute. Accordingly, all §1983 claims against the University must be dismissed for failure to state a claim. Plaintiff's breach of contract claim also fails to state a claim against the University.

---

[1] Plaintiff's Petition, originally filed in Oklahoma County District Court, will be referred to herein as "Plaintiff's Complaint" in accordance with federal nomenclature. It can be found as an exhibit to Defendants' Notice of Removal [Doc. 1] at [Doc. 1-3].

Plaintiff has not alleged facts showing the University breached the terms of any contract. Finally, Plaintiff fails to state a claim against the University for a *Burk* tort since Plaintiff has alleged and conceded he was not an at-will employee.

## ARGUMENTS AND AUTHORITIES

**I.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION AGAINST THE UNIVERSITY PURSUANT TO 42 U.S.C. 1983. AS THE UNIVERSITY IS NOT A "PERSON" UNDER THAT STATUTE.**

In this matter, Plaintiff alleges § 1983 claims against the University for violation of his First Amendment rights (Count I), violation of his procedural process (Count III) and violation of his substantive due process rights (Count VII). Section 1983 liability is against a "person." For the plaintiff to state a claim under § 1983, he must sue a "person" as contemplated by the statute. The University, as an arm of the State, is not a person under § 1983. *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995); *see also Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Coopersmith v. Supreme Court of Colorado*, 465 F.2d 993, 994 (10th Cir. 1972). As the plaintiff has not stated a claim under § 1983 against a person, these claims must be dismissed.[2]

---

[2] Plaintiff may argue the University's acquiescence to Defendant Steven Sullivan's removal operates as a waiver of the University's Eleventh Amendment forum immunity.  However, it does not operate as a waiver to the University's Eleventh Amendment immunity from liability under § 1983.  *See Ellis v. Univ. of Kansas Medical Center*, 163 F.3d 1186, 1196 (10th Cir. 1998)("The Supreme Court has previously held that Congress did not abrogate the State's Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." (*quoting Quern v. Jordan*, 440 U.S. 332, 345 (1979).  This immunity applies to claims for money damages and prospective injunctive relief.  Id. (*citing Seminole Tribe of Fla. V. Florida*, 517 U.S. 44, 55 (1996)).

## II.   PLAINTIFF DOES NOT HAVE A VIABLE BREACH OF CONTRACT A CLAIM AGAINST THE UNIVERSITY

Plaintiff fails to allege a cause of action for breach of contract against the University. There is not a single allegation that the University failed to fulfill an express obligation under the employment contract it entered into with Plaintiff. Instead, as is apparent from a cursory review of Plaintiff's own alleged facts, the University fulfilled the terms of the contract.

The elements for a breach of contract claim are: (1) the existence of a valid contract, (2) a breach of the contract, and (3) the breach caused plaintiff damages. *Digital Design Grp., Inc. v. Info. Builders, Inc.* 2001 OK 21; 24 P.3d 834, 843.  "[A] failure to perform or enforce, in good faith a specific duty or obligation under the contract, constitutes a breach of that contract or makes unavailable, under the circumstances, a remedial right or power." *Meuers Law Firm, P.L. v. Reasor's, LLC*, No. 16-CV-208-GKF-TLW, 2016 WL 11706317, at *2 (N.D. Okla. Sept. 28, 2016)(*quoting Chapman v. Chase Manhattan Mortg. Corp.*, 2007 WL 2815246, *10 (N.D. Okla. Sept. 24, 2007).

> Through his Complaint, Plaintiff has alleged only one of those elements:  a contract.  He has failed to allege any breach by the University, and further failed to any damages caused by any such breach.  Plaintiff's cause of action against the University should be dismissed for failure to state a claim.

### A.   Plaintiff's Allegations Negate that a Breach Occurred.

Plaintiff alleges "his appointment on a 'Consecutive Term' basis" was not renewed. [Doc. 1-3 at ¶ 43]. Plaintiff's allegations quote the terms of the contract that "faculty . . . who are ineligible for tenure shall be eligible for renewal consecutive term appointments." [Doc. 1-3 at ¶ 21]. Plaintiff's allegations also quotes the Faculty Handbook, which clearly lay out that consecutive term appointments like that which Plaintiff had, are subject to non-renewal

4

or termination when there is notification. [Doc. 1-3 at ¶ 22]. Plaintiff himself alleges that he was given such notification on May 1, 2019 [Doc. 1-3 at ¶ 24] and that his "termination" was effective November 14, 2019. [Doc. 1-3 at ¶ 25]. Plaintiff cites § 3.2.7(b) of the Faculty Handbook and indicates that the termination could not become effective until 180 days had passed. [Doc. 1-3 at ¶ 25]. By his own allegations, the University followed the terms of the contract. Plaintiff has failed to allege a breach, and therefore this element of his claim, and the claim itself, fails.

### B.     Plaintiff Suffered No Damages.

Plaintiff makes a claim for actual damages, back pay, front pay, and other damages. [Doc. 1-3 at ¶ 69]. Plaintiff had a consecutive term contract with the University that was renewable annually. [Doc. 1-3 at ¶ 20-21]. There is no allegation of nonpayment under the contract, only that Plaintiff *anticipated* continuous employment. [Doc. 1-3 at ¶ 81]. Under Oklahoma law, Liability for lost profits arises when loss of anticipated profits upon breach can reasonably be said to be in contemplation of parties at the time of contracting. *Florafax Intern., Inc. v. GTE Market Resources, Inc.,* 1997 OK 7, 933 P.2d 282 (1997). It is clear this is not the case here. First, the contract was subject to a notice of non-renewal, and Plaintiff does not allege non-payment pursuant to such employment contract. Second, Plaintiff secured subsequent employment, according to his own pled facts. [Doc. 1-3 at ¶ 47-48]. As such, Plaintiff suffered no damages and cannot allege them – either actual or lost profits – an essential element of his claim for breach of contract against the University.

### III.    PLAINTIFF'S *BURK* TORT IS NOT COGNIZABLE.

Plaintiff attempts to allege a *Burk* tort claim against the University for violation of the Oklahoma Constitutional provisions regarding free speech (Count VI).[3]  Plaintiff's claim is fatally flawed and should be dismissed by this Court.[4]  Initially, Plaintiff must meet the at-will employee element of a *Burk* tort.  Instead, Plaintiff alleges he had a contractual right to his employment.  [Doc. 1-3, ¶¶ 18-21; 81-91].

In *Burk v. K-Mart Corp.*, 1989 OK 22, 770 P.2d 24, the Oklahoma Supreme Court recognized a cause of action for wrongful discharge in violation of public policy, creating an exception to its general rule of at-will employment.  The court made clear that this public policy exception "must be tightly circumscribed." *Id.* at ¶ 19, 29.  An essential element of the *Burk* tort public policy wrongful discharge claim is that the plaintiff be an at-will employee. *Vasek v. Board of Co. Commrs'*, 1998 OK 35, ¶ 14, 186 P.3d 928, 932. *See also Wilson v. L-3 Commc'ns Vertex,* No. CIV-07-67, 2009 WL 1564226, at *3 (W.D. Okla. June 4, 2009) (explaining that, although the Tenth Circuit had previously permitted a "for cause" employee to maintain a *Burk* claim, the Oklahoma Supreme Court has since "held that only at-will employees are permitted to bring *Burk* tort claims") (citing *McCrady v. Okla. Dep't of Pub. Safey*, 122 P.3d 473, 475 (Okla. 2005).  Plaintiff cannot meet this element of a *Burk* tort. *See*

---

[3] To the extent Plaintiff intends his *Burk* tort claim to be premised upon any status-based category, the *Burk* tort was abrogated by the Oklahoma Legislature, effective November 1, 2011.  *See, e.g., Mazzanti v. City of Owasso*, No. 12-CV-022-GKF-PJC, 2012 WL 2505504.

[4] Plaintiff sets forth that he brings this cause of action pursuant to Article 2, § 22 of the Oklahoma Constitution.  The Constitutional provision itself does not give rise to an independent action upon which Plaintiff could base his Sixth Cause of Action; therefore, it must be denied.

6

*id*. Instead, Plaintiff has alleged he had a contractual right to his employment. Plaintiff cannot allege a *Burk* tort if his employment was pursuant to a contract. For that reason, Count VI of Plaintiff's Complaint must be dismissed for failure to state a claim against the University.

## CONCLUSION

WHEREFORE, the University respectfully requests dismissal of all Plaintiff's claims against the University and grant any additional relief the Court deems just and equitable.

Respectfully submitted,

s/Tina S. Ikpa
Heidi J. Long, OBA #17667
Tina S. Ikpa, OBA #32193
Office of Legal Counsel
University of Oklahoma
660 Parrington Oval, Suite 213
Norman, Oklahoma 73019
Telephone: (405) 325-4124
Facsimile: (405) 325-7681
hlong@ou.edu
tsikpa@ou.edu

*Attorneys for Defendant State of Oklahoma* ex rel. *Board of Regents of the University of Oklahoma*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Shannon F. Davies
George Freedman
Courtney D. Powell
SPENCER FANE
9400 N. Broadway Extension, Suite 600
Oklahoma City, OK  73114
*Attorneys for Plaintiff*

> s/ Tina S. Ikpa
> Tina S. Ikpa