IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ANTHONY P. TUFARO, D.D.S., M.D., F.A.C.S.<br><br>　　　　Plaintiff,<br><br>v.<br><br>(1) STATE OF OKLAHOMA, *ex rel.,* BOARD REGENTS OF THE UNIVERSITY OF OKLAHOMA,<br><br>(2)  JASON R. SANDERS, M.D., MBA, in his individual capacity and his official capacity as the Senior Vice President and Provost,<br><br>(3) JOHN P. ZUBIALDE, M.D., in his individual capacity and his official capacity as the Executive Dean of the College of Medicine,<br><br>(4) STEVEN M. SULLIVAN, D.D.S., F.A.C.S., F.A.C.D., in his individual capacity and his official capacity as Chair of the Department of Surgical Sciences,<br><br>(5) KEVIN S. SMITH, D.D.S., in his individual capacity only,<br><br>(6) PAUL S. TIWANA, D.D.S., in his individual capacity only, and<br><br>(7) BARISH H. EDIL, M.D., FACS., in his individual capacity and his official capacity as the Chair of the Department of Surgery,<br><br>　　　　Defendants. | Case No.: CIV-20-1138-J |

**UNIVERSITY'S REPLY TO PLAINTIFF'S COMBINED RESPONSE
TO DEFENDANTS' MOTIONS TO DISMISS**

I.     **The University is not a person under 42 U.S.C. § 1983.**

Plaintiff has not addressed the University's argument under proposition I. The University cannot be sued for any claim under § 1983 because the University is not a person. *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1972). Plaintiff has conceded this argument, and therefore the claims for violation of First Amendment rights, procedural due process, and substantive due process (violation of a liberty interest) against the University must be dismissed.

II.    **Plaintiff has not alleged a breach of contract.**

Plaintiff has not alleged facts sufficient to state a cause of action for breach of contract, and nothing in his response changes this. Rather than addressing the portions of his Complaint that directly quote the Faculty Handbook, as the University has done, Plaintiff focuses instead on alleged implied terms of his contract. There is no need to entertain these arguments, as the terms of the express contract as pled by Plaintiff were met.

Even though in his own Complaint Plaintiff states that his contract was not renewed, he then attempts to obfuscate the issue by calling the non-renewal of his contract a "termination." He then fails to allege any provision of the Faculty Handbook that entitles him to a written reason for *non-renewal*. Plaintiff's own Complaint presents the notice requirements for *termination* as if they are under the same section of the Faculty Handbook as the timely notice requirements for non-renewal. [Doc. 14 p.12]. The Court should not be swayed by Plaintiff's artful juxtaposition and semantics. Because he is unable to allege entitlement to anything other than timely notice (which he allegedly received [Doc. 1-3 at

¶41]), Plaintiff engages in sleight-of-hand and encourages this Court to re-categorize his non-renewal as something it was not. Every provision to which Plaintiff relies on for his breach of contract claim references a "termination," and Plaintiff has alleged no facts indicating that the two (non-renewal and termination) are the same – nor can he.

Furthermore, Plaintiff asks this Court to infer an essential element of his claim for breach of contract. [Doc. 14 p. 24, n. 9]. If this Court is to reasonably infer that he suffered damages as a result of making less money from his current job with the VA than his position with the University, that fact should have been pled. Because it was not, and Plaintiff fails to allege facts that are sufficient for a breach, the University's motion must be granted, and the breach of contract action against it should be dismissed.

**III.    Plaintiff has failed to allege an actionable *Burk* tort.**

**a.  Plaintiff is not an at-will employee.**

In an attempt to keep his *Burk* tort claim alive, Plaintiff now raises a new allegation, in his response to the University's motion to dismiss, that he is an at-will employee. [Doc. 14, p. 40]. Plaintiff somehow mischaracterizes the University's recitation of Plaintiff's allegations of the terms of his employment contract and arrives at this conclusion. While this chicanery might afford him the opportunity to advance his public policy arguments, the fact remains that the *Burk* tort is a remedy only available in very narrow circumstances. *See Burk v. K-Mart Corp.*, 1989 OK 22 ¶ 19, 770 P.2d 24, 29. As he alleged in his Complaint, he is not an at-will employee. He entered into a consecutive term contract with the University [Plaintiff's Complaint, Doc. No. 1-3 at ¶20-21]. He cannot now argue that

he is an employee at will in order to revive his failing argument. *See Earles v. Cleveland*, 418 F. Supp.3d 879, 892 (W.D. Okla. Sept. 23,2019)("the Court does not favor permitting a party to attempt to salvage a lost case by untimely suggestion of new theories of recovery.")(citations and quotation marks omitted). Plaintiff's *Burk* tort claim against the University must be dismissed.

**b. Plaintiff's attempts to bifurcate causes of action cannot stand**.

Even though it is pled as one count in the Complaint, Plaintiff would have the Court bifurcate his Count VI claim in order for it to survive the dismissal of his *Burk* tort claim. Contrary to his assertion in his response, the University did address Art. 2, § 22 specifically. The University noted that "the Constitutional provision itself does not give rise to an independent action . . . therefore, it must be denied." [Doc. 5, p. 6 n. 4]. However, because the University addressed Count VI as a whole, if the count is dismissed, no part of it can survive.

## CONCLUSION

The University respectfully requests that its Motion to Dismiss be granted and this Court dismiss it from this lawsuit.

Respectfully submitted,

s/Tina S. Ikpa
Heidi J. Long, OBA #17667
Tina S. Ikpa, OBA #32193
Office of Legal Counsel
University of Oklahoma
660 Parrington Oval, Suite 213
Norman, Oklahoma 73019
Telephone: (405) 325-4124
Facsimile: (405) 325-7681
hlong@ou.edu
tsikpa@ou.edu

*Attorneys for Defendant State of Oklahoma* ex rel. *Board of Regents of the University of Oklahoma*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Shannon F. Davies
George Freedman
Courtney D. Powell
SPENCER FANE
9400 N. Broadway Extension, Suite 600
Oklahoma City, OK  73114
*Attorneys for Plaintiff*

s/ Tina S. Ikpa
Tina S. Ikpa