IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ANTHONY P. TUFARO, D.D.S., M.D., F.A.C.S.<br><br>       Plaintiff,<br>v.<br><br>(1) STATE OF OKLAHOMA, *ex rel.,* BOARD REGENTS OF THE UNIVERSITY OF OKLAHOMA,<br><br>(2) JASON R. SANDERS, M.D., MBA, in his individual capacity and his official capacity as the Senior Vice President and Provost,<br><br>(3) JOHN P. ZUBIALDE, M.D., in his individual capacity and his official capacity as the Executive Dean of the College of Medicine,<br><br>(4) STEVEN M. SULLIVAN, D.D.S., F.A.C.S., F.A.C.D., in his individual capacity and his official capacity as Chair of the Department of Surgical Sciences,<br><br>(5) KEVIN S. SMITH, D.D.S., in his individual capacity only,<br><br>(6) PAUL S. TIWANA, D.D.S., in his individual capacity only, and<br><br>(7) BARISH H. EDIL, M.D., FACS., in his individual capacity and his official capacity as the Chair of the Department of Surgery,<br><br>       Defendants. | Case No.: CIV-20-1138-J |

**<u>KEVIN S. SMITH AND PAUL S. TIWANA'S REPLY TO PLAINTIFF'S COMBINED RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS</u>**

I. **Plaintiff fails to allege how Drs. Smith and Tiwana deprived him of a liberty interest in his reputation.**

Plaintiff names amorphous "OU personnel" as the parties responsible for informing his current supervisor that his conduct was "subpar." [Doc. 14, p. 15]. His response does not address Drs. Smith and Tiwana's charge that he has alleged no conduct on their part sufficient to bring a claim of liberty interest deprivation against them. This threshold question of Drs. Smith and Tiwana's conduct must be addressed as soon as possible to afford them the immunity to which they are entitled. *See Michell v. Forsyth*, 472 U.S. 511, 526 (1985)(qualified immunity is not only immunity from the claim, but immunity from litigation, including pretrial matters such as discovery). Drs. Smith and Tiwana are entitled not to stand trial where Plaintiff has not stated a claim of violation of clearly established law. *Id.* There is no need to go further into the inquiry of whether his good name was besmirched or whether further employment opportunities were foreclosed, though Plaintiff has not sufficiently alleged facts satisfying those elements, either. Plaintiff clearly has been able to secure employment, and there is no need for him to explain his "termination" to potential employers because he was not terminated. A non-renewal with no allegation of wrongful conduct does not harm his reputation. Plaintiff's claim for deprivation of liberty interest against Drs. Tiwana and Smith must be dismissed.

II. **Plaintiff has failed to state a claim against Drs. Smith and Tiwana for intentional interference with a contract and for civil conspiracy.**

Because Plaintiff's Complaint was devoid of factual allegations of conduct on behalf of Drs. Smith and Tiwana, these defendants did not realize the counts for civil conspiracy and toritious interference were directed to them. Nonetheless, the grounds for

dismissal raised by the other individual defendants in Arguments III, IV and VI [Doc. No. 6, at p. 22-23, 25-27] are hereby incorporated herein and made a part of the basis for dismissal of all claims alleged against Drs. Smith and Tiwana. [1]

Drs. Smith and Tiwana are each alleged to be members of the faculty at the College of Dentistry. [Doc. 1-3 ¶¶ 7-8]. Plaintiff alleges that he reported to Dr. Edil, in the College of Medicine, on conduct engaged in by Drs. Smith and Tiwana. [Doc. 1-3 ¶¶ 35-37]. Plaintiff further alleges that he was told by Dr. Edil that they were "vicious people." [Doc. 1-3 ¶ 40]. Nowhere, however, does Plaintiff allege what actions either Dr. Smith or Dr. Tiwana took to interfere with his employment contract. Plaintiff's Complaint fails to meet the elements of tortious interference because he has not alleged their interferential conduct, he has not alleged how any conduct was malicious, wrongful, or unjustified, and he has not alleged what damage was sustained as a result of their conduct. *See Mac Adjustment, Inc. v. Property Loss Research Bureau*, 1979 OK 41, ¶ 5, 595 P.2d 427, 428.

Plaintiff's Complaint also fails to state a claim for conspiracy because he has not alleged an underlying tort, and because he has not alleged a meeting of the minds between Drs. Smith and Tiwana, or anyone else. *See Meyer v. Town of Buffalo, Oklahoma*, 02-CV-1691-F, 2007 WL 2436302, *5 (W.D. Okla. Aug. 22, 2007) (citations omitted); *Salehpoor v. Shahinpoor*, 358 F.3d 782, 789 (10th Cir. 2004). The claims against Drs. Smith and Tiwana must be dismissed because Plaintiff has failed to state a claim.

---

[1] Drs. Smith and Tiwana are filing a Motion for Leave to Amend/Correct Their Motion to Dismiss to address these counts.

## CONCLUSION

Drs. Smith and Tiwana respectfully request that their Motion to Dismiss be granted, and this Court dismiss all claims against them.

Respectfully submitted,

s/Tina S. Ikpa
Heidi J. Long, OBA #17667
Tina S. Ikpa, OBA #32193
Office of Legal Counsel
University of Oklahoma
660 Parrington Oval, Suite 213
Norman, Oklahoma 73019
Telephone: (405) 325-4124
Facsimile: (405) 325-7681
hlong@ou.edu
tsikpa@ou.edu

*Attorneys for Defendants Kevin S. Smith and Paul S. Tiwana*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Shannon F. Davies
George Freedman
Courtney D. Powell
SPENCER FANE
9400 N. Broadway Extension, Suite 600
Oklahoma City, OK  73114
*Attorneys for Plaintiff*

s/ Tina S. Ikpa
Tina S. Ikpa