## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ANTHONY P. TUFARO, D.D.S., M.D., F.A.C.S. | |
| Plaintiff, | Case No.: CIV-20-1138-J |
| v. | |
| (1) STATE OF OKLAHOMA, *ex rel.,* BOARD REGENTS OF THE UNIVERSITY OF OKLAHOMA, | |
| (2) JASON R. SANDERS, M.D., MBA, in his individual capacity and his official capacity as the Senior Vice President and Provost, | |
| (3) JOHN P. ZUBIALDE, M.D., in his individual capacity and his official capacity as the Executive Dean of the College of Medicine, | |
| (4) STEVEN M. SULLIVAN, D.D.S., F.A.C.S., F.A.C.D., in his individual capacity and his official capacity as Chair of the Department of Surgical Sciences, | |
| (5) KEVIN S. SMITH, D.D.S., in his individual capacity only, | |
| (6) PAUL S. TIWANA, D.D.S., in his individual capacity only, and | |
| (7) BARISH H. EDIL, M.D., FACS., in his individual capacity and his official capacity as the Chair of the Department of Surgery, | |
| Defendants. | |

## AMENDED MOTION TO DISMISS OF KEVIN S. SMITH AND PAUL S. TIWANA

Defendants Kevin S. Smith ("Dr. Smith") and Paul S. Tiwana ("Dr. Tiwana") respectfully request, pursuant to Fed. R. Civ. P. 12(b)(1), the Court to dismiss Plaintiff's claim against them for intentional interference with a business relationship (Count IV) and further move pursuant to Fed. R. Civ. P. 12(b)(6), Count IV, Plaintiff's claim against them for civil conspiracy (Count V); and Plaintiff's § 1983 claim for denial of substantive due process against them (Count VI). In support, Drs. Smith and Tiwana state as follows:

## **INTRODUCTION**

Plaintiff was employed by the University of Oklahoma within the University's College of Medicine as a consecutive term faculty member.  Drs. Smith and Tiwana are each members of the faculty at the OU College of Dentistry. After Plaintiff's contract was not renewed, he sued the University and seven (7) individual defendants, including Drs. Smith and Tiwana. Plaintiff alleges three claims against Drs. Smith and Tiwana: a claim for intentional interference with a business relationship, a claim for civil conspiracy, and a § 1983 claim alleging deprivation of substantive due process.  However, with no factual allegations made to support these claims against Drs. Smith and Tiwana, the claims should be dismissed by this Court.

## **LEGAL STANDARD**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must include enough factual content, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662 (2009). Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claim is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for *this* claim. *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). For a § 1983 claim, "plausibility" refers to the scope of the allegations in the complaint; if they are "so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions" or "a mere formulaic recitation of the elements of a cause of action" then such allegations may be inadequate to overcome a motion to dismiss. *Robbins v. State of Okla., ex rel. Dept of Human Services*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Here, Plaintiff fails to meet this standard in pleading his claims against Drs. Smith and Tiwana.

Further, "[f]ederal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Off. of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). Rule 12(b)(1) allows a party to raise the defense of the court's "lack of jurisdiction over the subject matter" by motion. Fed. R. Civ. P. 12(b)(1). Drs. Tiwana and Smith assert that the Court lacks jurisdiction over Plaintiff's claim for intentional interference with a contract because they are immune from suit pursuant to the common law sovereign immunity recognized by the Oklahoma Governmental Tort Claims Act.

## ARGUMENTS AND AUTHORITIES

### I.    PLAINTIFF FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE

Plaintiff alleges that Drs. Smith and Tiwana tortiously interfered with his employment contract. However, the only allegations in the Complaint directed to them state as follows:

- Dr. Smith is a faculty member in the University's College of Dentistry [Doc. 1-3 at ¶7];

- Dr. Tiwana is a faculty member in the University's College of Dentistry [Doc. 1-3 at ¶8];

- Drs. Smith and Tiwana, along with Dr. Sullivan, also operate a private oral surgery practice [Doc. 1-3 at ¶10];

- Drs. Smith and Tiwana violated Plaintiff's right to continued employment [Doc. 1-3 at ¶109]; and

- The actions of Drs. Smith and Tiwana have been widely disseminated [Doc. 1-3 at ¶111].

Plaintiff's claim fails because it is barred pursuant to the common law sovereign immunity recognized by the Oklahoma Governmental Tort Claims Act ("OGCTA"). Pursuant to the statutory notice requirements of the OGTCA, subject matter jurisdiction over this claim is precluded.

It is well-established that the OGTCA is the exclusive remedy for an injured plaintiff to recover against a state governmental entity (or its employee) in tort. *See* 51 O.S., § 153(B) ("[T]he liability of the state or political subdivision under this act shall be exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise."). *See Tuffy's Inc. v. City of Okla. City*, 2009 OK 4, ¶7, 212 P.3d 1158,

1163; *Fuller v. Odom*, 1987 OK 64, ¶4, 741 P.2d 449, 452; *Curtis v. Bd. of Educ.,* 1995

OK 119, ¶4, 914 P.2d 656, 658; *Duncan v. City of Nichols Hills*, 1996 OK 16, ¶14, 13 P.2d

1303, 1307. "Compliance with the statutory notice provisions of the [OGTCA] is a

jurisdictional requirement to be completed prior to the filing of any pleadings." *Hall v.

GEO Group, Inc.*, 2014 OK 22, ¶13, 324 P.3d 399, 404. In order for there to be subject-

matter jurisdiction over a suit against a state employee in tort, the notice provisions of the

OGTCA have to be satisfied.

> Pursuant to § 152.1(A) of the OGTCA:

> The State of Oklahoma does hereby adopt the doctrine of sovereign
> immunity. The state, its political subdivisions, ***and all of their employees
> acting within the scope of their employment***, whether performing
> governmental or proprietary functions, shall be immune from liability for
> torts.

51 O.S., § 152.1(A) (emphasis added).

The immunity of state employees is absolute. *See State v. Burris*, 1995 OK 42, 894

P.2d 1122. The blackletter of Section 152.1 sets up two requisites for absolute immunity:

(1) an employee (2) acting within the scope of their employment. Because Drs. Smith and

Tiwana meet both requirements, they are immune from the tort claim alleged by Plaintiff,

and they cannot be sued.

"Scope of employment" is defined as performance by an employee acting in good

faith within the duties of his office or employment or of tasks lawfully assigned by a

competent authority. *See Tuffy's Inc.*, 2009 OK 4 at ¶8, 212 P.3d at 1163 (citing 51 O.S., §

152(12)). An employee of the state is relieved from private liability for tortious conduct

committed *within the scope of employment. See id.* (citing *Pellegrino v. State*, 2003 OK 2,

63 P.3d 535; *Martin v. Johnson*, 1998 OK 127, 975 P.2d 889). "If an employee acts in bad faith *and contrary to the interests of the employer* . . . the employee may be considered to be acting outside the scope of his employment." *Wilson v. City of Tulsa*, 2004 OK CIV APP 44, ¶17, 91 P.3d 673, 678-79 (emphasis in original) (quoting *Martin*, 1998 OK 127 at ¶32, 975 P.2d at 896-97).

However, even acting in violation of the government agency's policies or contracts does not necessarily take an employee outside the scope of employment. *Id.* Like the present situation, *Martin v. Johnson* involved a claim of tortious interference against a supervisor. The *Martin* court issued the following warning in regard to pleading a tortious interference claim:

> [C]haracterizing an employee's conduct as contrary to the interests of the employer cannot be based merely upon the employee's interference with the contract. Every breach of contract does not give rise to a claim of tortious interference with contract merely because an employee or agent of a party to the contract was involved in the breach. An allegation that a breach of contract occurred and was effectuated by an employee of the School District, does not, by itself, show a tortious breach of contract. The interference with contract tort is not designed to protect against an employee acting in good faith but using poor business judgment. Acting in good faith and using poor business judgment are not mutually exclusive.

975 P.2d at 897 (internal citations omitted). An employee is outside the scope of employment, and thus interfering with a third party, if they are acting against the interest of the employer *and* in their own interests. *Id.* at 896. An employee is within the scope "if engaged in work assigned or doing that which is proper, necessary, and usual to accomplish the work assigned or doing that which is customary within the particular trade or business." *Nail v. City of Henryetta*, 1996 OK 12, ¶11, 911 P.2d 914, 918. Plaintiff has alleged no

facts tending to show that Drs. Smith and Tiwana were acting against the interest of the University or in their own interests, because he has alleged no conduct whatsoever. Therefore, he has not sufficiently alleged that they were acting outside the scope of their employment.

In order to advance a claim of tortious interference, Plaintiff must show that 1) he had a business or contractual right that was interfered with; 2) that the interference was malicious and wrongful, and that such interference was neither justified, privileged nor excusable; and 3) that damage was proximately sustained as a result of the complained-of interference. *See Mac Adjustment, Inc. v. Property Loss Research Bureau*, 1979 OK 41, ¶ 5, 595 P.2d 427, 428. Plaintiff has alleged no facts showing the violation of any right, contractual or otherwise. Furthermore, Plaintiff has alleged no specific interferential conduct on the part of Drs. Smith and Tiwana. Therefore, his claims under Count IV against Drs. Smith and Tiwana should be dismissed.

## II.   PLAINTIFF FAILS TO STATE A CLAIM FOR CIVIL CONSPIRACY

Plaintiff alleges Drs. Smith and Tiwana jointly conspired to cause the University to breach its employment agreement and not renew Plaintiff's employment because Plaintiff spoke out about matters of public concern regarding alleged malfeasance. Plaintiff makes a conclusory statement purporting to tie the non-renewal of his contract to conduct by Drs. Smith and Tiwana. (Doc. 1-3 at ¶ 45). However, Plaintiff alleges no specific conduct on the part of Drs. Smith and Tiwana which would support this claim.

Under Oklahoma law, "[a] civil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means." *Brock v. Thompson*, 1997 OK 127, ¶ 39, 948 P.2d 279, 294 (citations omitted); *see also Gaylord Entertainment Co. v. Thompson*, 1998 OK 30, ¶ 40, 958 P.2d 128, 149. Unlike criminal conspiracy, "civil conspiracy itself does not create liability." *Brock*, 948 P.2d at 294. Instead, "[t]o be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means." *Id.*

> Disconnected circumstances, any . . . of which[] are just as consistent with lawful purposes as with unlawful purposes, are insufficient to establish a conspiracy.

*Peterson v. Grisham*, 594 F.3d 723, 730 (10th Cir. 2010), *quoting Dill v. Rader*, 1978 OK 78, ¶ 8, 583 P.2d 496, 499.

"The gist of a civil action for conspiracy is the damages not the conspiracy [--] a civil conspiracy claim merely 'enlarges the pool of potential defendants from whom a plaintiff may recover for an underlying tort.' Thus, in Oklahoma, in order for civil conspiracy to lie, the claim must base itself on a valid, actionable underlying tort." *Meyer v. Town of Buffalo, Oklahoma*, 02-CV-1691-F, 2007 WL 2436302, *5 (W.D. Okla. Aug. 22, 2007) (citations omitted).

Plaintiff's conspiracy claim fails because it does not allege sufficient facts supporting the existence of a civil conspiracy between any of the defendants. First, Plaintiff has not alleged any actionable tort on the part of Drs. Smith and Tiwana. Additionally, the Tenth Circuit has determined that in order to plead a claim for civil conspiracy, "[a] plaintiff must allege, either by direct or circumstantial evidence, a meeting of the minds or

agreement among the defendants." *Salehpoor v. Shahinpoor*, 358 F.3d 782, 789 (10th Cir. 2004). The court noted that "[p]arallel action [] or inaction . . . does not necessarily indicate an agreement to act in concert." *Id*. In *Peterson v. Grisham*, the Tenth Circuit considered a civil conspiracy claim under Oklahoma law with regard to a defamation suit. The court found that the alleged conspirators' conduct in publishing books about the plaintiff within the same year as one another was insufficient to establish a civil conspiracy. *Peterson*, 594 F.3d at 730-731. The Tenth Circuit determined that parallel activity "did not demonstrate there was an illegal agreement to engage in 'a massive joint defamatory attack.'" *Id*. at 731. Plaintiff's vague allegations of "intentional, malicious, and punitive actions" by all of the defendants are insufficient to establish a claim for civil conspiracy. Accordingly, the Plaintiff's conspiracy claim (Count V) against Drs. Smith and Tiwana should be dismissed.

### III.   PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF SUBSTANTIVE DUE PROCESS

Plaintiff alleges that Drs. Smith and Tiwana violated his substantive due process rights under the Fourteenth Amendment by depriving him of a liberty interest. A person asserting the existence of an alleged liberty interest "must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Here, as set forth by Plaintiff's own allegations, he was not entitled to continued employment. Plaintiff had only a consecutive term contract. [Doc. 1-3 at ¶20]. Plaintiff's only entitlement was to 180 days' notice of his non-renewal. [Doc. 1-3 at ¶25]. He received this. [Doc. 1-3 at ¶24]. Plaintiff cannot state a claim for liberty

interest arising out of an expectation in continued employment.

Even if Plaintiff could claim an entitlement to continued employment, his brief allegations do not rise to an actionable substantive due process claim against Drs. Smith and Tiwana. Per Plaintiff's own allegations, Drs. Smith and Tiwana did not have any authority or influence over the non-renewal of Plaintiff's employment contract. Drs. Smith and Tiwana were faculty within the College of Dentistry, removed from Plaintiff's chain of authority, since Plaintiff was a faculty member within the University's College of Medicine. [Doc. 1-3 at ¶7-8].

Furthermore, Plaintiff alleges no actions whatsoever on the part of Drs. Smith and Tiwana. He only states their "actions have been widely disseminated." [Doc. No. 1-3 at ¶111]. Plaintiff's claim against Drs. Smith and Tiwana for a substantive due process violation should be dismissed.

## IV.   DRS. SMITH AND TIWANA ARE ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity shields "government officials performing discretionary functions . . . 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wyatt v. Cole*, 504 U.S. 158, 166 (1992) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). A plaintiff "must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited." *Hannula v. City of Lakewood,* 907 F.2d 129, 131 (10th Cir. 1990). Whether defendants are entitled to qualified immunity at the motion to dismiss stage is

based on an analysis of the objective reasonableness of their actions in light of clearly established law. *Singer v. Maine,* 49 F.3d 837, 845 (1st Cir. 1995).

Once a defendant invokes a qualified immunity defense, the plaintiff must show that the defendant violated a statutory or constitutional right, and that the right was clearly established. The Court may consider the two prongs of the qualified immunity test in either order. See *Panagoulakos v. Yazzie*, 741 F.3d 1126, 1129 (10th Cir. 2013). Thus, to defeat this motion for qualified immunity, Plaintiff must demonstrate that the conduct of Drs. Smith and Tiwana violated established federal law.

Here, Plaintiff has failed. Plaintiff cannot allege any conduct on the part of Drs. Smith and Tiwana that violated a constitutional right. In his Complaint, Plaintiff has not alleged any conduct by Drs. Smith and Tiwana, much less how that conduct violated his right to substantive due process under the Fourteenth Amendment. This Court should dismiss Plaintiff's claim against Drs. Smith and Tiwana, as they are entitled to qualified immunity.

## **CONCLUSION**

Drs. Smith and Tiwana respectfully request the Court dismiss Plaintiff's Complaint against them in its entirety and grant all additional relief the Court deems just and equitable.

Respectfully submitted,

s/Tina S. Ikpa
Heidi J. Long, OBA #17667
Tina S. Ikpa, OBA #32193
Office of Legal Counsel
University of Oklahoma
660 Parrington Oval, Suite 213
Norman, Oklahoma 73019
Telephone: (405) 325-4124
Facsimile: (405) 325-7681
hlong@ou.edu
tsikpa@ou.edu

*Attorneys for Defendants Kevin S. Smith
and Paul S. Tiwana*

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Shannon F. Davies
George Freedman
Courtney D. Powell
SPENCER FANE
9400 N. Broadway Extension, Suite 600
Oklahoma City, OK  73114
*Attorneys for Plaintiff*

s/ Tina S. Ikpa
Tina S. Ikpa